UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK HOWARD, | ) |
| | ) |
|     Petitioner | ) |
| | ) |
| v. | ) Civil No. 9-221-P-H |
| | ) Crim. No. 5-13-P-H |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent | ) |

**RECOMMENDED DEICSION ON 28 U.S.C. § 2255 MOTION**

Mark Howard is before this court with his second 28 U.S.C. § 2255 motion. Howard has a single Sixth Amendment ineffective assistance claim in this motion. He summarizes:

> The Assistant United States Attorney (AUSA) and my attorney negotiated on the sentencing terms. The plea was for me to accept a weight range for sentencing, with the understanding that if I were to accept this weight range, the AUSA would support me, in Court, to receive a 500 hour Residential Drug Abuse Program (RDAP). I was specifically told, by my attorney, that if I were to become enrolled in the RDAP I would receive one year off my sentence for completion.

(Am. 2d Sec. 2255 Mot. at 1, Civ. No. 09-221-P-H, Doc. No. 20.) As it turns out, because Howard was subject to a firearm's sentencing enhancement he was, without a doubt, not eligible for a reduction of his sentence.[1] Howard states that he did not learn about this roadblock to an earlier release until Mid-July 2008 when he began the 500 hour RDAP. (2d Sec. 2255 Mem. at 4, 6; Am. 2d Sec. 2255 Mot. at 2; Civ. No. 09-221-P-H.) He insists: "Had my attorney advised me differently I would have plead differently. I would not have accepted the plea agreement. I would have held out for a better plea or gone to trial and rolled the dice." (Am. 2d Sec. 2255 Mot. at 2.)

---

[1]    See 28 C.F.R. § 550.55(b)(5)(ii).

**DISCUSSION**

*Procedural background*

As indicated, this is not Howard's first 28 U.S.C. § 2255 motion. He filed his first § 2255 motion on February 20, 2007, pressing six ineffective assistance of counsel claims and on June 21, 2007, I issued a recommendation that he be denied habeas relief. See Howard v. United States, Civ. No. 7-27-P-H, 2007 WL 1810709, 17 (D. Me. June 21, 2007) (recommended decision) adopted (Doc. 17). With respect to Howard's first § 2255 motion, Howard filed a motion after judgment had entered that was docketed in that proceeding as an amended motion to vacate. (Civ. No. 07-27-P-H, Doc. No. 21.) I recommended that the court dismiss that motion explaining:

> Howard has styled his present pleading as a motion pursuant to 28 U.S.C. § 2255. See Castro v. United States, 540 U.S. 375, 381-84 (2003). As there is no question that he has already fully litigated one 28 U.S.C. § 2255 motion he cannot proceed without first complying with the 28 U.S.C. § 2255(h) certification process. See cf. Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008). Therefore, I recommend that the court dismiss the pending motion, which has been docketed in Howard's original § 2255 case, without prejudice to Howard filing a new 28 U.S.C. § 2255 motion should he obtain the requisite certification from the First Circuit Court of Appeals.

(Nov. 11, 2008, Rec. Dec. at 2, Civ. No. 7-27-P-H, Doc. No. 24.) That recommendation was adopted. (Civ. No. 7-27-P-H, Doc. No. 26.)

Howard took his plaint to the First Circuit Court of Appeals and a Panel of that Court ender the following judgment:

> Mark Howard has applied to this court for certification of a second § 2255 petition, as per 28 U.S.C. § 2255(h). Howard alleges that he was misled into pleading guilty by assurances from his counsel that he would be eligible for a reduction in his prison term after completion of a drug treatment program. In reality, the fact that his sentencing range under the United States Sentencing Guidelines was increased because of his gun possession in relation to a drug crime disqualified him from receiving such a reduction. Howard alleges that he learned the truth only after attempting to enroll in the drug treatment program, and

2

> he presents his allegations of deficient advice from counsel under the rubric of "Newly discovered evidence." He claims he would not have pleaded guilty absent the misrepresentation; consequently, his guilty plea was unintelligently and involuntarily made.
>
> The government has submitted an opposition to Howard's application, in which it argues that the fact of Howard's ineligibility (i) is not newly discovered; (ii) would not affect a reasonable factfinder's view on his guilt, and (iii) is only cognizable as a challenge to the execution of his sentence under 28 U.S.C. § 2241.
>
> The fact that Howard's grounds for a second § 2255 petition are in the nature of a claim for ineffective assistance of counsel necessarily informs the analysis. Howard's second petition turns on the allegation that counsel misled Howard into pleading guilty with erroneous advice about his eligibility for a reduction of his prison term.
>
> We are not, at this juncture, ready to foreclose the possibility of an argument that a delayed revelation of deficiencies in the advice of counsel can constitute "newly discovered evidence," or that the "no reasonable factfinder" clause of § 2255(h)(1) can apply to convictions based on guilty pleas. We make no conclusive pronouncements on these possibilities, but rather leave them for further development and initial decision in the district court. As for the application of § 2241 to this type of claim, we note that an attack on counsel's advice about a defendant's sentencing exposure is not the same as an attack on the execution of a sentence.
>
> Mark Howard's application for leave to file a second petition under 28 U.S.C. § 2255 is **granted**.

Howard v. United States, May 22, 2009, Judgment at 1-2 (1st Cir.).[2]

On June I, 2009, Howard filed his second 28 U.S.C. § 2255 motion. Howard v. United States, Civ. No. 09-221-P-H (D. Me.). On June 4, 2009, I entered an order for the United States to answer (Civ. No. 09-221-P-H, Doc. No. 2) and an order appointing E. James Burke of the University of Maine School of Law and certified law students from the Cumberland Legal Aid Clinic to represent Howard on the petition (Doc. No. 3).[3] After that the United States filed its answer and request for dismissal (Doc. No. 15), Howard filed a reply (Doc. No. 18) and an amended petition (Doc. Nos. 20 & 21). The United States, after being given leave to do so, filed a supplemental response, attaching the affidavit of Howard's attorney at the time of the plea, Robert N. Launie (Doc. Nos. 23, 24, & 25.) On October 1, 2009, oral argument was held on

---

[2] (See Civ. No. 09-221-P-H, Doc. No. 1-4.)
[3] The appointment was conditioned on certain criteria that were subsequently met.

3

Howard's amended second 28 U.S.C. § 2255 motion. No evidence was taken and Howard was not present. Howard was ably represented by certified law student Nicole Wakely, accompanied by co-brief writer and certified law student Thomas Aliberti, both of whom were supervised by Attorney E. James Burke. Assistant United States Attorney Margaret D. McGaughey argued on behalf of the United States.

### *Two Alternative Approaches to Howard's Current 28 U.S.C. § 2255 Motion*

The First Circuit's May 22, 2009, Judgment concludes by granting Howard leave to file a second 28 U.S.C. § 2255 motion which would ordinarily mean that this court would then address the merits of Howard's ineffective assistance of counsel claim with respect to the pre-plea advice on his potential for a sentence reduction upon completion of the BOP program. However, the order, in reflecting that the Panel was not "ready to foreclose the possibility of an argument that a delayed revelation of deficiencies in the advice of counsel can constitute 'newly discovered evidence,' or that the 'no reasonable factfinder' clause of § 2255(h)(1) can apply to convictions based on guilty pleas," seems to expressly leave the threshold certification question "for further development and initial decision" in this court. We addressed this quandary at oral argument. The United States took the position that this court should first address whether or not Howard's claim of ineffective assistance qualified under the two § 2255(h)(1) prongs articulated by the First Circuit in its Judgment. Howard's position was that the Court should address the ineffective assistance claim as it would if the claim was presented in a timely first § 2255 motion.

### *The 28 U.S.C. § 2255(h)(1) Inquiry*

Congress has provided:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C § 2255(h). Only subsection (h)(1) is implicated by Howard's current motion and the First Circuit's order returning the matter to this court.

In my opinion, if indeed the First Circuit was requesting this court's review of this concern, Howard cannot meet the second prong of the 28 U.S.C. § 2255(h)(1) threshold test for proceeding with a second or successive § 2255 motion. That is, while I do believe that there may be cases in which a defendant who pled guilty to federal charges could avail him or herself of the § 2255(h)(1) doorway to obtain review of a second or successive petition, Howard's case is not such a one. Howard is not now nor has he ever contested his guilt as to the underlying federal charges.[4]  See United States v. Avila-Avila, 132 F.3d 1347, 1348 -1349 (10th Cir. 1997) ("Avila contends his plea was involuntary based on ineffective assistance of counsel. He argues that he was coerced by his court-appointed counsel into entering a guilty plea 'because of the fear that a life sentence would be imposed,' … that he would not have entered a plea if properly advised of the sentence that would be imposed under the guidelines, ... and that this claim could not have been discovered 'through the exercise of due diligence' until the transcripts of the plea and sentencing hearings 'became available for appellate purposes,' …. His claim does not rely on newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the criminal offenses.") (record citations omitted); see also cf. Johnson v. Dretke, 442 F.3d 901, 911 (5th Cir. 2006) ("In order for his successive petition to survive dismissal, Johnson must show that "the facts underlying the

---

[4]   (See Rule 11 Tr. at 8, 13, Def's Sentencing Mem. at 2, 14, 20; Sentencing Tr. at 17; id. at 23(allocution). Crim. No. 05-13-P-H, Doc. Nos. 41, 33,39.)

5

claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, <u>no reasonable factfinder would have found the applicant guilty</u> of the underlying offense." § 2244(b)(2)(B)(ii) (emphasis added). This standard has been described as 'a strict form of "innocence," ... roughly equivalent to the Supreme Court's definition of "innocence" or "manifest miscarriage of justice" in <u>Sawyer v. Whitley</u>." 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice & Procedure § 28.3e, at 1459-60 (5th ed.2005) (citing <u>Sawyer v. Whitley</u>, 505 U.S. 333 (1992))."). 

Although there is not a substantial body of law on the reach of the § 2255(h)(1) second prong, most courts have concluded that challenges to sentences do not provide a basis for a second or successive habeas petition. <u>See</u> <u>In re Dean</u>, 341 F.3d 1247, 1248- 49 (11th Cir. 2003) ("Section 2255's newly discovered evidence exception, however, does not apply to claims asserting sentencing error. On the contrary, the exception applies to 'newly discovered evidence that ... would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant <u>guilty of the offense</u>." … As Dean's application challenges his sentence and not whether he is guilty of the offense, we find that it does not satisfy the newly discovered evidence exception for filing a successive § 2255 motion."); <u>United States v. Roberson</u>, 194 F.3d 408, 413 n. 3(3d Cir. 1999) (Alito, Cir. J.) (claim that counsel was ineffective for not challenging the court's U.S.S.G. § 2D1.1(c) enhancement not newly discovered evidence that § 2255 movant was not guilty of the underlying offenses to which he pled guilty); <u>United States v. Hobbs</u>, No. 97-5070, 1997 WL 732534, 1 -2  (10th Cir. Nov. 26, 1997) (unpublished) (necessarily implying that a sentencing enhancement does not provide a basis for a second and successive § 2255 motion, and also observing that the movant, by pleading guilty, waived all non-jurisdictional defects).  This distinction between sentence and

conviction is operative even if the sentence in question is a death sentence. See In re Schwab, 531 F.3d 1365, 1367 (11th Cir. 2008) ("Moreover, the asserted change in opinion goes to the existence of mitigating circumstances, not to whether Schwab is guilty of the underlying offense.").

Howard's newly discovered evidence is simply not exculpatory of the underlying charges or the sentencing determinations. Although the First Circuit clearly indicated that this is not a service-of-sentence claim that is best pursued through 28 U.S.C. § 2241 because it is premised on ineffective assistance of counsel, it is one that does not throw into question anything that this Court did, wittingly or unwittingly, in accepting the guilty plea or imposing Howard's sentence. The First Circuit's order raises the question of whether Howard has a claim that "his guilty plea was unintelligently and involuntarily made." Even without the firearms enhancement, whether or not Howard would ultimately realize a reduced sentence was, in trust and estates terms, a "contingent interest." This seems to me to be highly relevant to the question of whether counsel's alleged misinformation about the potential for a reduced sentence based on factors that could -- sans the firearm enhancement -- only solidify well after the conviction and plea "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found" Howard "guilty of the offense."[5]

I also note that the United States has a strong argument with respect to the first prong of the § 2255(h)(1) inquiry that Howard's late realization that he could not qualify for the eleven-month sentence reduction and that counsel misadvised him in this respect is not "newly

---

[5] I am fully cognizant of Howard's insistent that at the time he pled guilty it should have been clear to counsel that Howard could not get a reduced sentence for completion of the RDAP if he was subject to the firearms enhancement. But this does not make entirely irrelevant the fact that even if he was not subject to the firearms enhancement it was clear that his acceptance into the RDAP would have been entirely within the discretion of the BOP. Nor was there a guarantee that Howard would have successfully completed the program. There were future contingencies that were not in the control of the Court or the United States.

discovered evidence" within the meaning of § 2255(h)(1). [6] See In re Anderson, 396 F.3d 1336, 1338 (11th Cir. 2005) ("Regarding [the movant's] newly discovered evidence claims, none centers on any evidence discovered since his trial. Instead, Anderson asserts that because prior counsel overlooked the alleged defects, <u>and he recently discovered them</u>, they constitute newly discovered evidence. However, 28 U.S.C. § 2255 requires that, "if proven and viewed in light of the evidence as a whole, [the newly discovered evidence] would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." Id. Anderson fails to offer any such evidence here.") (emphasis added); see also In re Milton, 155 Fed.Appx. 614, 616, 2005 WL 3149589, 2 (3d Cir. 2005) (unpublished)(due diligence analysis); see cf. 28 U.S.C. § 2244(b)(2)(B)(i) ("A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless … the factual predicate for the claim could not have been discovered previously through the exercise of due diligence."). According to the United States, the operative provision, 28 CFR § 555.55 was promulgated (as 28 CFR § 550.58) in 1995. (Gov't Resp. 2d Sec. 2255 Mot. at 18 & n.3.)

### *Merits of Howard's Ineffective Assistance Claim*

Turning to the merits of Howard's § 2255 ineffective assistance claim pertaining to the alleged assurance to Howard by his attorney prior to pleading guilty that he would qualify for a reduction of sentence if he completed the BOP program, the First Circuit has explained:

> The touchstone for any ineffective assistance of counsel claim is the two-part test laid down by the Supreme Court in Strickland v. Washington, 466 U.S. 668(1984).

---

[6] Howard indicated in his December 26, 2007, attempt to amend his first § 2255 motion that he had completed a forty-hour drug treatment program at his correctional facility. (Am. 1st Sec. 2255 Mot. at 4, Civ. No. 07-27-P-H, Doc. No. 21.) In its response to the second § 2255 motion the United States indicates that as of December 2007 Howard already knew of his ineligibility for early release. (Gov't Resp. 2d Sec. 2255 Mot. at 18.) The United States seems to have mistaken the 40-hour program for the 500 RDAP program.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
>
> Id. at 687. ….
> In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court applied Strickland's two-part test to ineffective assistance of counsel claims in the guilty plea context. Id. at 58 ("We hold, therefore, that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel."). As the Hill Court explained, "[i]n the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence already set forth in [other cases]. The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Id. at 58-59.

United States v. Colon-Torres, 382 F.3d 76, 85-86 (1st Cir. 2004).

Howard and the United States have basically presented the court with dueling sworn statements as to what counsel did or did not promise Howard with respect to this aspect of his sentencing exposure. (See Doc. Nos. 20 & 25-2.) Without an evidentiary hearing the court cannot really resolve this credibility determination.

That said, with respect to performance, it might be possible to conclude that even if counsel did so advise Howard on the mistaken belief that he would qualify for the reduction this type of mistake vis-à-vis the implications of a BOP program that it was discretionary for the judge to recommend and discretionary for the BOP to provide to Howard does not rise to the level of a mistake by counsel cognizable under the Sixth Amendment. With respect to performance directly related to the firearm enhancement, I note that in Howard's sworn amended second § 2255 motion he represents that the PSR was different than the plea agreement as it contained the increased marijuana quantity and a firearm enhancement. (Am. 2d Sec. 2255 Mot. at 1.) Thus, it does not seem that counsel was necessarily aware of his client's potential liability

9

for the enhancement at the time of the plea negotiations. There is no mention of the discovery of firearms -- which according to the PSI occurred during a search on November 8, 2004, (PSI ¶ 4) -- in the March 9, 2005, Prosecution Version or Plea Agreement (Crim. No. 05-13-P-H, Doc. Nos. 21 &22) or during the change of plea hearing on the same date (id., Rule 11 Tr., Doc. No. 41).  The firearms enhancement was still not settled at the time of sentencing, and the defense rigorously contested its application (Def's Pre-sentence Mem. at 5-12; Revised PSI at 15; Sentencing Tr. at 12-15.)  Ultimately, defense counsel was not successful in persuading the court. (Sentencing Tr. at 27-28.)  It seems highly unlikely that this post-plea development coupled with defense counsel's realization of the impact this enhancement would have on his client's possibilities for early release, would have been a tenable basis for a motion to withdraw the guilty plea. And even if this were achieved, this would have been a particularly risky strategy because the plea agreement included a Rule 410 waiver, (Plea Agreement at 2-3, Crim. No. 05-13-P-H, Doc. No. 22), a waiver this Court brought to Howard's attention at the change of plea hearing (Rule 11 Tr. at 15, Crim. No. 05-13-P-H, Doc. No. 41).  Another consideration in ultimately judging counsel's performance are the considerable efforts made by counsel to achieve an 18 U.S.C. § 3552(a) variance for Howard based on his acceptance of responsibility, an acceptance argument that included highlighting Howard's two proffers. (Sentencing Tr. at 16-21.)

  As for the Strickland/Hill prejudice prong, Howard insists that this Court sentenced him under its own mistaken belief that its recommendation that Howard have the advantage of the BOP counseling program would inure to Howard's benefit, not only because of the usefulness of the counseling program, but also because of the possibility of the reduced sentence upon successful completion of the program.  The sentencing transcripts do not reveal that this latter

consideration played any part in this Court's sentence. (See Sentencing Tr. at 32, 34, Crim. No. 05-013-P-H, Doc. No. 39.)[7] See United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993) ("[W]hen, as in this case, a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing.") In addition, defense counsel won the prosecution's acquiescence to a lower drug quantity. (Rev. PSI at 15, Sentencing Tr. at 5-8.) The United States went so far at sentencing as to state "the government does not oppose a sentence toward the low end of the guidelines, although ask that this sentence be imposed within the guidelines." (Sentencing Tr. at 12.) The Court only reluctantly followed a 700 kilogram (Level 28 as opposed to Level 30) drug quantity stipulation between the defense and the prosecution, apparently entered into on June 29, 2005. (Sentencing Tr. at 2-3, 29).[8] In sum, the Court explained:

> [A]s I consider all of the sentencing purposes that are laid out in the statute, and taking into account that Mr. Howard has all ready received some degree of leniency in the drug calculations, I see no reason to sentence outside of the range

---

[7] At sentencing counsel emphasized only Howard's need for rehabilitation as the reason for the Court's recommendation apropos the RDAP program. (Id. at 21.)

[8] This Court explained:
> The most difficult question is the stipulation on the drug quantity. The probation officer has laid out in the presentence report the basis upon which he calculated the drug quantity, and the quantities there come straight from the defendant's mouth, and are calculated on a conservative basis taking the lower number at a time that the defendant estimated a range in terms of quantity, and then the probation officer has subtracted the amount of time that the supplier [Beauchesne] was actually in prison, and therefore presumably unable to supply the marijuana when Mr. Howard had told investigators that he had been obtaining it from Mr. [Beauchesne].
> I, as I say, am troubled by the stipulation. I am ultimately going to accept it on these grounds. I, first of all, credit entirely the probation officer's calculations. Nevertheless, I observed that even with subtractions, we would be assuming that Mr. [Beauchesne] was able to immediately regain his distribution amounts immediately upon his release from prison, and on a time before he went into prison during pretrial supervision, and so given the stipulation and giving the defendant the benefit of the doubt, I am going to find the drug quantity to be at the lower level, 700 kilograms, under 700 kilograms, level 28, but having done that, I will also say that I thereby exhausted all of the other elements there might be for reducing the sentence, and let me just speak to the other issues that are involved, and then I will do the actual guideline calculations.

(Id. at 28-29.)
In his first § 2255 motion Howard faulted counsel for entering into this stipulation without having Howard sign-off on the agreement. See Howard, 2007 WL 1810709 at 5-8.

> that results. Instead I conclude that all of the sentencing purposes are served by sentencing within that range.
> 
> I will, nevertheless, in recognition of the attempts at cooperation Mr. Howard has made, I think there is remorse in the statements he's made here today, the steps that he has taken, I will sentence him at the low end of that range.

(Id. at 31.) On the face of this record, a defense attorney who is able to get the prosecution's and the Court's acquiescence to a low-end drug quantity, dropping his client's base-offense level from 30 to 28 and preserving the three-point reduction for acceptance of responsibility, demonstrates a level of performance[9] that offsets any misunderstanding as to his client's contingent expectations for an eleven-month reduction in sentence for completion of a 500-hour RDAP program. As things turned out, the Court reached a Total Offense Level of 27, giving Howard a guideline range of 70 to 87 months, and settled on the lowest option in that range. (Id. at 31.) Howard's guideline range per the PSI was 87 to 108 months. (Revised PSI ¶ 39.) [10]

---

[9] In my recommendation on Howard's first 28 U.S.C. § 2255 motion I addressed to Howard's ineffective assistance claims pertaining to drug quantity attribution as follows:

> There was no tenable basis for counsel to move to suppress statements for purposes of the sentencing hearing or for arguing that Howard's self-attribution of drug quantities was hearsay. The issue of drug quantity in connection with Howard's representations of his responsibility for drugs during the Beauchesne incarceration was completely addressed at sentencing and there was no prejudice flowing from this narrative glitch. (Sentencing Tr. at 5-8.) Quite simply, there is no Strickland infirmity vis-à-vis counsel's efforts concerning the PSI. See e.g., United States v. Labrada-Bustamante, 428 F.3d 1252, 1260-61 (9th Cir.2005); Patterson v. United States, 133 F.3d 645, 648 (8th Cir.1998); United States v. Brewer, 60 F.3d 1142, 1145 (5th Cir.1995).

Howard, 2007 WL 1810709 at 5.

I also discussed a claim by Howard that his attorney failed to discuss with him his guideline range associated with the prosecution's offer. I concluded:

> The plea agreement and the Court's plea colloquy were crystal clear as to the possibility of receiving five years on each of the two counts. In advising Howard to plead, counsel would have had at the front of his mind the facially admissible implicating statements made by Howard and the advantages of setting the floor work for an acceptance of responsibility adjustment. These factors go to both the performance and prejudice prongs of Strickland/Hill. Another facet of the prejudice analysis is the later-realized stipulation to a base level of 28, which was highly favorable to Howard. Had Howard gone to trial his drug quantity exposure would have been markedly higher. Howard's own proffer of his consultation with his attorney prior to accepting the plea is evidence that counsel was making a strategic decision when advising Howard on the plea and that he did not believe there was a better deal to be had. This Court's oral sentencing conclusions demonstrates that there was a real potential for a higher sentence had counsel and client approached the case in a more contentious manner.

Id. at 14.

[10] The PSI concluded that the least attributable drug quantity in Howard's case was 816.5 kilograms (id. ¶ 11) putting him at a base-offense level of 30 (id. ¶ 17). With a two level increase for the firearm (id. 18), a three-point

Which leads me to a consideration of Howard's proposed § 2255 remedies. In his amended second § 2255 motion Howard requests that the court vacate the sentence in his case and "[r]eset the clock to the point of the constitutional violation, re-instate the plea offer so that the defendant and government may continue their negotiations, thus permitting the defendant to have the assistance of effective counsel." (Am. 2d Sec. 2255 Mot. at 3.) This is somewhat inconsistent with his representation that he would have rolled the dice and gone to trial if he had been aware at the time that he entered the plea agreement that he would not be eligible for a reduction of sentence. (A representation which is, in turn, inconsistent with the reality that Howard gave a fully warned, voluntary confession to the conduct underlying the charged offenses and the drug quantities included in the PSI were based on Howard's post-Miranda confessions, see Davis v. Greiner, 428 F.3d 81, 91 -92 (2d Cir. 2005) (no Strickland prejudice for similar reasons)). Again, it is of no little moment that Howard's plea agreement included a Rule 410 waiver. At the close of oral argument on the second § 2255 motion, Howard's counsel represented to the court that perhaps the best remedy for Howard would be to resentence him with an eleven-month sentence reduction. It is not clear how the court would weigh this request and I can only speculate how – at resentencing – Howard's contra-temps in his two § 2255 motions might re-open his qualification for a three level reduction of acceptance of responsibility and, perhaps, this Court's acquiescence to the drug-quantity stipulation.

## Conclusion

Based upon the foregoing, I recommend that the court deny Howard's second motion to vacate his sentence. I make no recommendation on the question of whether or not the Court should issue a certificate of appealability.

---

adjustment for acceptance of responsibility (id. ¶ 12), the PSI set his total offense level at 29 (Id. ¶ 26). This calculation put Howard in a guideline range of 87 to 108 months. (Id. ¶ 39.)

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 20, 2009.